UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

Case No.: 6:26-cv-00661-PGB-NWH

RANDAL LOS and
CONNIE LOS,

*Plaintiffs*,
vs.

PILOT TRAVEL CENTERS LLC,

*Defendant*.
_________________________________/

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

COME NOW the Plaintiffs, RANDAL LOS and CONNIE LOS, by and through undersigned counsel, and bring this action against the Defendant, PILOT TRAVEL CENTERS LLC, and for their Second Amended Complaint specifically allege:

**THE PARTIES, JURISDICTION, AND VENUE**

1. At all times material, the Plaintiff, RANDAL LOS, resided in and was otherwise *sui juris* in Indian River County, Florida.

2. At all times material, the Plaintiff, CONNIE LOS, resided in and was

otherwise *sui juris* in Indian River County, Florida.

3. At all times material, the Defendant, PILOT TRAVEL CENTERS LLC., (hereinafter PILOT) was organized under the laws of Delaware and owned, operated and maintained Pilot Travel Center number 96 located at 3051 State Road 60 Okeechobee, FL 34972.

4. This is an action for damages which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and otherwise within this Court's jurisdictional limits.

5. Venue is proper in the Middle District of Florida as the Defendant conducts business in Osceola County, Florida, and/or all of the acts complained of herein occurred in Osceola County, Florida.

**FACTUAL ALLEGATIONS**

6. On September 14, 2024, at approximately 8:00 p.m., RANDAL LOS and CONNIE LOS pulled into the Pilot Travel Center number 96 located at 3051 State Road 609 Okeechobee, FL 34972, for the purpose of using PILOT's RV dump station.




7. Dump stations allow patrons to empty their RV's on-board sewage and water tanks with the use of hoses that connect to a dump inlet that discharges the waste into a septic system or municipal sewer.



8. PILOT charges a fee for this service and advertises that it provides "clean and well maintained RV dump stations for easy waste disposal during your travels."



9. After paying the fee and emptying his RV's tanks, RANDAL LOS was walking towards the back of his RV when he slipped and fell on water that had been allowed to accumulate, and slick algae that had been allowed to grow, in front of the RV dump station, suffering catastrophic and life altering injuries resulting in the amputation of his right leg. Pictures taken the following day show the water and algae.






**SCOLARO LAW**
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140

10. At the time of the incident, the RV dump station was poorly lit. Parking an RV in front of the RV dump station, which a patron must do to access the RV dump station, blocks the only light emanating from nearby lights and casts a large shadow over the RV dump station.





SCOLARO LAW
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140




11. Likewise, upon information and belief, the only lights positioned near the RV dump station were not functioning at the time of the incident.

12. In the darkness, the water and slick algae blended in with the appearance of the ground in front of the RV dump station, making it impossible for RANDAL LOS to see the dangerous condition on the ground in front of the RV dump station.


SCOLARO LAW
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140



13. It was foreseeable to Defendant PILOT that parking an RV in the area of the dump station would block the only available lighting and drastically reduce visibility at night. Similarly, it was foreseeable to Defendant PILOT that visibility would be reduced at night when its lights were non-functioning.

14. A PILOT employee by the name of "Tim" was working at Pilot Travel Center number 96 around the time of the incident involving RANDAL LOS.


**SCOLARO LAW**
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140




15. The day following the incident he advised RANDAL LOS's family members that he was aware water was leaking from a pipe under the concrete at the RV dump station and noted that he had previously observed and was aware of the water and slick algae growth on the ground in front of the RV dump station prior to the incident involving RANDAL LOS. His knowledge of the dangerous condition in front of the RV dump station was imputed to PILOT.

16. He further relayed that in the weeks leading up to the incident, PILOT arranged on multiple occasions to have repairmen look at the leaking pipe but none of them actually repaired the leak. Pictures taken the day following


SCOLARO LAW
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140

the incident show water leaking through seams in the concrete and show substantial algae growth on the ground.



17. Having already been alerted to the leaking pipe and the hazardous condition of the water and slick algae growth on the ground in front of the RV pump station, PILOT was on actual notice of the dangerous condition on its premises prior to the incident involving RANDAL LOS.

18. PILOT was also on constructive notice of the dangerous condition of the ground in front of the RV dump station prior to the incident involving RANDAL LOS as the water had been present for such a long period of time that algae was able to grow there.

19. According to biologyinsights.com, it can take weeks or even a month for algae to grow on damp outdoor surfaces such as sidewalks. See

*biologyinsights.com/how-long-does-it-take-for-algae-to-grow/.* Last visited April 21, 2026.

20. It was foreseeable to Defendant PILOT that patrons, including RANDAL LOS, would be injured on the unreasonably slippery and unreasonably dangerous water and slick algae growth.

21. Despite its knowledge of the dangerous condition of the ground in front of the RV dump station, PILOT failed to repair its leaking pipe, failed to remove the slick algae growing in front of the RV dump station, failed to repair its lights near the RV dump station, provide additional lighting at the RV dump station, or place lighting in an appropriate location relative to the RV dump station, failed to close the RV dump station or rope it off until the dangerous condition could be corrected, and failed to provide any type of warning to unsuspecting patrons including RANDAL LOS.

22. PILOT could have easily corrected the dangerous condition of water and slick algae growth the ground in front of the RV dump station prior to the incident involving RANDAL LOS.


**SCOLARO LAW**
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140

23. Following the incident, PILOT did in fact close the RV dump station, repair the leaking pipe, re-pour the concrete, and pressure wash the algae off the ground in front of the RV dump station.




24. Unfortunately, PILOT's corrective measures came too late to help RANDAL LOS.

25. Due to the injuries he suffered, RANDAL LOS has required and will continue to require medical care and treatment, including attendant care and assistance with activities of daily living for the rest of his life. Much of the attendant care and assistance with daily activities has been and will be provided by Plaintiff CONNIE LOS.


**SCOLARO LAW**
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140

## COUNT I

*Negligence*
*Failure to Maintain the Premises in a Reasonably Safe Condition*
*By RANDAL LOS Against PILOT*

The Plaintiffs re-allege and re-aver paragraphs one (1) through twenty-five (25) as though fully set forth herein.

26. At all times material hereto, and specifically on September 14, 2024, Defendant PILOT owned, managed, controlled, operated, maintained, and was otherwise in possession of the Pilot Travel Center number 96 premises located at 3051 State Road 60 Okeechobee, FL 34972.

27. Defendant, PILOT owed a non-delegable duty to its patrons and to RANDAL LOS specifically to maintain its premises in a reasonably safe condition.

28. Defendant, PILOT, by and through its agents, servants, and/or employees, acting within course and scope of their employment breached the duty it owed to RANDAL LOS by failing to maintain the ground in front of the RV dump station in a reasonably safe condition, including but not limited to:


**SCOLARO LAW**
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140

a. Creating a dangerous condition by allowing water to leak and slick algae to grow on the ground in front of the RV dump station;

b. Permitting a dangerous condition to remain on its premises by allowing water to leak and slick algae to grow on the ground in front of the RV dump station;

c. Failing to correct the hazardous condition in front of the RV dump station when it knew that the ground was unreasonably slippery and unreasonably hazardous and constituted a dangerous condition due to the presence of water and slick algae growth;

d. Failing to correct the hazardous condition in front of the RV dump station when it should have known that the ground was unreasonably slippery and unreasonably hazardous and constituted a dangerous condition due to the presence of water and slick algae growth;


SCOLARO LAW
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140

e. Failing to inspect or adequately inspect the ground in front of the RV dump station to ascertain whether it posed a hazard to patrons, including RANDAL LOS;

f. Failing to ensure that the RV dump station had adequate lighting under foreseeable conditions;

g. Failing to ensure that the RV dump station was clean and well maintained.

29. Defendant, PILOT, knew or in the exercise of reasonable care should have known of the existence of the hazardous and dangerous condition of the ground in front of the RV dump station, and/or the condition occurred with regularity and was therefore foreseeable, and/or the condition had existed for a sufficient length of time that the Defendant knew or should have known of the condition in the exercise of ordinary care and could have easily remedied it, yet failed to do so.

30. As a direct and proximate result of the aforementioned negligence of the Defendant, the Plaintiff, RANDAL LOS, sustained serious and permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of


SCOLARO LAW
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140

capacity for the enjoyment of life, loss of earnings and impairment of earning capacity, and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills, and/or other bills as a result of said injuries. These injuries are either permanent or continuing in their nature and RANDAL LOS, will suffer these losses into the future.

WHEREFORE, the Plaintiff, RANDAL LOS, hereby demands judgment for damages, costs, and interest from Defendant PILOT, together with any other relief the Court deems just and appropriate.

## COUNT II

*Negligence*
*Failure to Warn*
*By RANDAL LOS Against PILOT*

The Plaintiffs re-alleges and re-aver paragraphs one (1) through twenty-five (25) as though fully set forth herein.

31. At all times material hereto, and specifically on September 14, 2024, Defendant PILOT, owned, managed, controlled, operated, maintained, and was otherwise in possession of the Pilot Travel Center number 96 premises located at 3051 State Road 60 Okeechobee, FL 34972.

32. Defendant PILOT owed a non-delegable duty to its patrons and to Mr. LOS specifically to warn of hazardous conditions upon the premises about


SCOLARO LAW
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140

which it knew or reasonably should have known through the exercise of reasonable care.

33. The water and slick algae growth in front of the RV dump station was unreasonably slippery and unreasonably hazardous and constituted a dangerous condition.

34. The dangerous condition of the ground around the RV dump station was concealed from RANDAL LOS by the poor lighting at the RV dump station, and he was therefore unaware of it and could not have discovered it though the exercise of due care.

35. PILOT had actual knowledge of the dangerous condition of the ground in front of the RV dump station by and though its agents, servants and/or employees who were acting in the course and scope of their employment, and who arranged on multiple occasions to have repairmen look at the leaking pipe despite it having not been repaired prior to the incident involving RANDAL LOS, and who specifically advised members of the Los family of PILOT's awareness of the dangerous condition of the ground in front of the RV dump station prior to the incident.


SCOLARO LAW
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140

36. PILOT was on constructive notice of the dangerous condition of the ground in front of the RV dump station as the leaking water had been there for such a long period of time that slick algae was able to grow.

37. PILOT, by and through its agents, servants, and/or employees, acting with in course and scope of their employment, breached the duty it owed to RANDAL LOS by failing to warn him of the hazardous condition of the ground in front of the RV dump station, including but not limited to:

a. failing to provide any verbal warnings;

b. failing to provide any written warnings;

c. failing to put up a caution sign or caution tape;

d. failing to rope off the area of the RV dump station and thus failing to prevent unsuspecting patrons like RANDAL LOS from encountering the dangerous condition of the ground around the RV dump station.

38. Defendant, PILOT, knew or in the exercise of reasonable care should have known of the existence of the hazardous and dangerous condition of the ground in front of the RV dump station, and/or the condition occurred with regularity and was therefore foreseeable, and/or the condition had


SCOLARO LAW
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140

existed for a sufficient length of time that the Defendant knew or should have known of the condition in the exercise of ordinary care and could have easily remedied it, yet failed to do so.

39. Defendant, PILOT, likewise knew or in the exercise of reasonable care should have known that parking an RV at the RV dump station blocked available light and that near-by lights were non-functioning, such that patrons, including RANDAL LOS would be unable to see the dangerous condition of water and slick algae growth in front of the RV dump station.

40. As a direct and proximate result of the aforementioned negligence of the Defendant, the Plaintiff, RANDAL LOS, sustained serious and permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairment of earning capacity, and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills, and/or other bills as a result of said injuries. These injuries are either permanent or continuing in their nature and RANDAL LOS, will suffer the losses into the future.


SCOLARO LAW
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140

WHEREFORE, the Plaintiff, RANDAL LOS, hereby demands judgment for damages, costs, and interest from Defendant PILOT, together with any other relief the Court deems just and appropriate.

**COUNT III**
*Loss of Consortium*
*By CONNIE LOS Against PILOT*

The Plaintiffs re-alleges and re-aver paragraphs one (1) through twenty-five (25) as though fully set forth herein.

41. At all times material hereto, Plaintiff, CONNIE LOS, was married to Plaintiff, RANDAL LOS, who suffered catastrophic and life altering injuries when he slipped and fell on the Defendant PILOT's premises as a result of the Defendant PILOT's failure to maintain the ground in front of its RV dump station in a reasonably safe condition and failure to warn RANDAL LOS of the dangerous condition of water and slick algae growth on the ground in front of its RV dump station.

42. Specifically, CONNIE LOS's loss of consortium claims flow from Defendant PILOT's failure to maintain its premises in a reasonably safe condition and failure to warn RANDAL LOS of the dangerous condition of the ground in front of the RV dump station.


SCOLARO LAW
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140

43. As a direct and proximate result of the negligent conduct described above by the Defendant, PILOT, and the resulting injuries to Plaintiff RANDAL LOS, including but not limited to extensive medical treatment, hospitalization, and the amputation of his right leg, Plaintiff CONNIE LOS suffered the loss of her husband's consortium, attention, affection, comfort, solace, companionship, support, services, society, conjugal life, fellowship, assistance, and suffered impairment of the marital relationship she had with the Plaintiff, RANDAL LOS.

44. CONNIE LOS's losses are permanent and continuing in nature and CONNIE LOS will suffer those losses in the future.

WHEREFORE, Plaintiff, CONNIE LOS, respectfully demands judgment for damages for loss of consortium, costs, and interest from the Defendant PILOT and all other relief this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

The Plaintiffs, RANDAL LOS and CONNIE LOS, hereby demand trial by jury of all issues so triable as a matter of right.

RESPECTFULLY submitted this 28th day of April 2026.


**SCOLARO LAW**
1728 CORAL WAY, SUITE 702, MIAMI, FLORIDA 33145 TEL 305.424.2300 FAX 305.424.2140

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2026 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the following counsel of record via email and/or another means in accordance with the Federal Rules of Civil Procedure:

**SCOLARO LAW, P.A.**

By: */s/ Billy Rieder*
THOMAS SCOLARO
Florida Bar No.: 178276
WILLIAM T. RIEDER, Jr.,
Florida Bar No.: 0044834
1728 Coral Way, Suite 702
Miami, Florida 33145
Tel: 305-424-2300
Fax: 305-424-2140
Primary service email:
tom@usinjury.law
Primary service email:
billy@usinjury.law
Additional service e-mail:
alejandra@usinjury.com
Additional service e-mail:
barbie@usinjury.law
*Attorneys for the Plaintiffs*

SERVICE LIST
Case No.: 6:26-cv-00661-PGB-NWH

SCOLARO LAW, P.A.
Thomas Scolaro, Esq.
William T. Rieder, Esq.
1728 Coral Way, Suite 702
Miami, Florida 33145
Tel: 305-424-2300
Fax: 305-424-2140
tom@usinjury.law;
billy@usinjury.law;
alejandra@usinjury.law;
barbie@usinjury.law
*Co-Counsel for Plaintiffs*

DANIEL P. FAHERTY, ESQUIRE (#0379697)
TELFER, FAHERTY & ANDERSON
815 South Washington Avenue, Suite 201
Titusville, FL 32780
Telephone: (321) 269-6833
Facsimile: (321) 383-9970
cguntner@ctrfa.com
croca@ctrfa.com
*Co-Counsel for Plaintiffs*

FOWLER WHITE BURNETT, P.A.
Andrew G. Tuttle
Fla. Bar No. 118467
Email: atuttle@fowler-white.com
Alexa C. Gebert
Fla. Bar No. 1040009
Email: agebert@fowler-white.com
Northbridge Centre
515 North Flagler Drive, Suite 2100

West Palm Beach, Florida 33401
Telephone: (561) 802-9044
Facsimile: (561) 802-9976
*Counsel for Defendant*